**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Wakisha Mercado,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　-v-<br><br>Eihab Human Services, Inc.,<br><br>　　　　　　　　　　Defendant. | **Civ. Action #:**<br><br>**Complaint**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

　　　　Plaintiff, by Abdul Hassan Law Group, PLLC, her attorneys, complaining of defendant, respectfully alleges as follows:

## NATURE OF ACTION

1. Plaintiff alleges, that she has been employed by defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that she is: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff alleges that she has been employed by defendant and pursuant to New York Labor Law ("NYLL") she is: (i) entitled to unpaid overtime wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3. Plaintiff is also entitled to recover her unpaid wages under Article 6 of the New York Labor Law including Section 191 and is entitled to liquidated damages and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Wakisha Mercado ("plaintiff" or "Mercado") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

8. Upon information and belief, defendant Eihab Human Services, Inc. ("defendant" or "EHS") is a domestic New York corporation organized and existing under the laws of the State of New York.

## STATEMENT OF FACTS

9. Upon information and belief, and at all relevant times herein, defendant EHS was engaged in the business of providing care for disabled and challenged individuals in the New York tri-state area.

10. Plaintiff has been employed by defendant from May 2012 to present.

11. Upon information and belief, and at all relevant times herein, defendant operated several locations and employed more than 50 persons.

12. At all times relevant herein, plaintiff was an hourly employee of defendant.

13. Plaintiff was paid $12 an hour until around April 2014 when her hourly pay was increased to approximately $16 an hour.

14. Plaintiff was paid overtime wages until October 2013 – after October 2013 plaintiff's title was changed to assistant manager and she was paid only for forty hours by defendant even though she was an hourly employee and continued to be paid the same $12/hr rate she was paid during the period she was paid overtime wages - it appears that plaintiff was incorrectly classified as overtime-exempt by defendant.

15. At all times relevant herein, plaintiff Mercado worked about 45-50 hours a week for defendant and sometimes more - a more precise statement of the hours and wages will be made when plaintiff Mercado obtains the wage and time records defendant was required to keep under the FLSA and NYLL. Accurate copies of plaintiff's wage and time records that defendant were required to keep pursuant to 29 CFR 516 are incorporated herein by reference.

16. Upon information and belief and at all times relevant herein, defendant had annual revenues and/or expenditures in excess of $500, 000.

17. Upon information and belief and at all times relevant herein, defendant conducted business with insurance companies within and outside the state of New York.

18. Upon information and belief and at all times relevant herein, defendant purchased materials and supplies from vendors within and outside the state of New York.

19. At all times applicable herein, defendant conducted business with vendors and other businesses outside the State of New York.

20. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

21. At all times applicable herein and upon information and belief, defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

22. At all relevant times herein and for the time plaintiff was employed by defendant, plaintiff worked more than forty (40) hours in a week for some or all weeks.

23. At all times relevant herein and for the time plaintiff was employed by defendant, defendant failed and willfully failed to pay plaintiff an overtime rate of one and one half times her regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

24. Upon information and belief, and at all relevant times herein, defendant failed to display federal and state overtime wage posters.

25. All times applicable or relevant herein as to the FLSA overtime claim refers to at least the two-year and three-year period preceding the filing of this complaint but this period may be longer.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Unpaid Overtime)

26. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 25 above as if set forth fully and at length herein.

27. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the FLSA.

28. At all times relevant to this action, defendant was engaged in commerce and/or in the production of goods for commerce and/or defendant, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

29. At all times relevant herein, defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

30. At all times relevant herein, defendant failed and willfully failed to pay plaintiff overtime compensation at rates of at least 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

31. Due to defendant's FLSA overtime violations, plaintiff is entitled to recover from defendant, her unpaid overtime compensation, maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2 etc. (Unpaid Overtime)

32. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 30 above as if set forth fully and at length herein.

33. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

34. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder.

35. At all times relevant herein, defendant failed and willfully failed to pay plaintiff overtime compensation at rates of at least 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

**Relief Demanded**

36. Due to defendant's New York Labor Law violations, plaintiff is entitled to recover from defendant, her unpaid overtime wages, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193 and 198 – Unpaid and Withheld Wages

37. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 36 above with the same force and effect as if fully set forth at length herein.

38. At all times relevant to this action, plaintiff was employed by defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193 and 198 and the applicable regulations thereunder.

39. At all relevant times herein, defendant violated and willfully violated plaintiff's rights under NYLL 191 by failing to pay plaintiff her unpaid wages, within the time required by NYLL 191.

## Relief Demanded

40. Due to defendant's New York Labor Law Article 6 violations including violations of sections 191, 193 and 198, plaintiff is entitled to recover from defendant, her entire unpaid wages, including unpaid overtime wages, plus maximum liquidated damages, reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

41. Declare Defendant to be in violation of the plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, NYLL § 215, and the Regulations thereunder;

42. As to her **First Cause of Action**, award plaintiff her unpaid overtime compensation, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b);

43. As to the **Second Cause of Action**, award plaintiff her unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

44. As to her **Third Cause of Action**, award plaintiff, her entire unpaid wages, including her unpaid overtime wages, plus maximum liquidated damages, reasonable attorney's fees, and

costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including §§ 191, 193, 198;

45. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

46. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
August 16, 2014

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue,
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com