## **AGREEMENT AND GENERAL RELEASE**

Eihab Human Services, Inc., located at 168-18 South Conduit Ave. Springfield Gardens, NY 11413, ("Eihab Human Services"), and Wakisha Mercado, ("Mercado") desire to avoid the costs, risks, and delays associated with litigation and to put to rest any and all possible disputes between the parties and therefore agree as follows:

1. **Definition of Parties**.

   a. "Plaintiff" shall be defined to include, but is not limited to, Wakisha Mercado, and all affiliated persons or entities, including, but not limited to, her present or former domestic partner, spouse, dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities. If an obligation or right is that of Ms. Mercado personally, she will be referred to as "Ms. Mercado."

   b. Plaintiff Mercado was employed by Defendant Eihab Human Services, Inc., for about a two years.

   c. "Defendant" shall be defined as Eihab Human Services, Inc., and all affiliated persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, divisions, affiliated entities, employee benefit plans, purchasers of assets or stock, investors, insurers, joint ventures, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, partners, directors, agents, fiduciaries, representatives, the employees and representatives of any such entity, and any otherwise related persons or entities.

   d. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendant on August 16, 2014, in the United States District Court, Eastern District of New York, with Civil Action #: 14-CV-4886 (JG)(RLM).

2. **Consideration**. In consideration for Ms. Mercado's signing this Agreement and the releases of all claims herein, Defendant Eihab Human Services, Inc., agrees to make the following payments:

   a. A payment to "Wakisha Mercado" in the amount of ($5,500), less applicable taxes and withholdings, within ten (10) days of defense counsel receiving a copy of this Agreement signed by Ms. Mercado;

   b. A payment to "Wakisha Mercado" in the amount of ($5,500), representing liquidated and other damages, within ten (10) days of defense counsel receiving a copy of this Agreement signed by Ms. Mercado;

1

    c. A check made payable to "Abdul Hassan Law Group, PLLC," in the amount of ($11,500), representing legal fees (18.4hrs x $600/hr), and costs ($460.00) within ten (10) days of defense counsel receiving a copy of this Agreement signed by Ms. Mercado;

    d. The payments to Plaintiff Mercado above shall be sent by overnight delivery such as FEDEX or UPS to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.

    e. Defendant knowingly and voluntarily releases and forever discharges Plaintiff of and from any and all claims, whether known and/or unknown, it has or may have against Plaintiff as of the date of execution of this Agreement,

  3. **No Consideration Absent Execution of This Agreement**.  Plaintiff understands and agrees she would not receive the monies and/or benefits specified in Paragraph 2 above, except for her execution of this Agreement and the discontinuance of the Action with prejudice.

  4. **General Release of Claims by Plaintiff**.  In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendant of and from any and all claims, whether known or unknown, she had, has or may have against Defendant as of the date of execution of this Agreement, including, but not limited to, any alleged violation of any and all of the following:

- Title VII of the Civil Rights Act of 1964;

- The Civil Rights Act of 1991;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974;

- The Immigration Reform and Control Act;

- The Sarbanes-Oxley Act of 2002;

- The Americans with Disabilities Act of 1990;

- The Family and Medical Leave Act;

- The Age Discrimination in Employment Act of 1967;

- The Fair Credit Reporting Act;

2

- The Fair Labor Standards Act;

- The New York State Executive Law (including its Human Rights Law);

- The New York State Labor Law;

- The New York wage and wage-hour laws;

- The New York City Administrative Code (including its Human Rights Law);

- Any other federal, state or local civil, human rights, bias, whistleblower, discrimination, retaliation, wage, compensation, employment, labor or other local, state or federal law, regulation or ordinance;

- Any amendments to the foregoing laws;

- Any benefit, payroll or other plan, policy or program;

- Any public policy, contract, third-party beneficiary, tort or common law claim; or,

- Any claim for costs, fees, or other expenses including attorneys' fees.

5. **Acknowledgments and Affirmations**.

   a.  Plaintiff affirms that in the Action she has asserted a claim in seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement.

   b.  No Further Claims. Plaintiff and Defendant acknowledge that they have no further claims, damages, losses against each other and that any and all claims that they may have had against each other are resolved by this Settlement Agreement.

6. **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendant breaches any provision of this Agreement, Plaintiff and Defendant affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this

Agreement in full force and effect. If the general release language is found to be illegal or unenforceable, Plaintiff and Defendant agree to execute a binding replacement release(s).

7. **Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

8. **Resolution of Disputes**. The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

9. **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

10. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreements contents.

11. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13. **Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Ms. Mercado was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Ms. Mercado is competent to execute this Agreement and knowingly and voluntarily waives any and all claims he may have against Defendant.

**PLAINIFF HAS BEEN ADVISED THAT HE HAS TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT, HAS BEEN ADVISED IN**

**WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT AND HAS CONSULTED WITH HER COUNSEL, ABDUL KARIM HASSAN, ESQ. REGARDING THE AGREEMENT.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANT.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and General Release as of the date set forth below:

| PLAINTIFF: | DEFENDANT: |
|---|---|
| WAKISHA MERCADO | EIHIAB HUMAN SERVICES, INC. |

By: *[signature]* Wakisha Lewis-Mercado

Date: X 1-20-15

By: _____

Print Name _____

Title _____

Date: _____

6